IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| MIDWESTERN GAS ) | |
| TRANSMISSION COMPANY, ) | |
| ) | Case No: 3:06-cv-0290 |
| Plaintiff, ) | Judge Trauger |
| ) | |
| v. ) | |
| ) | |
| 2.62 ACRES IN SUMNER COUNTY, ) | |
| TENNESSEE, and ) | |
| RONALD ASHE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Several motions *in limine* (Docket Nos. 59, 60, 62, 64, 66, 68, and 70) are pending before the court in this land condemnation action. Six motions were filed by the plaintiff, Midwestern Gas Transmission Company (MGT), and one was filed by the defendant, Ronald Ashe. All motions have been fully briefed, and the court rules on these motions as described below.

**I.     Motion *in Limine* to Exclude Certain Documents and Related Testimony (Docket No. 59)**

Through this brief motion, MGT seeks a discovery sanction against defendant Ashe pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) for failing to timely produce certain "documents and information," as ordered by the court. (Docket No. 59.) That is, the court ordered these materials produced by April 8, 2011, and the defendant did not do so. (*Id.* at 1.) As a sanction, MGT argues, the defendant should not be allowed to rely on the evidence at trial. (*Id.* at 2.) In response, the defendant (1) asserts that the materials are, almost without exception, irrelevant to

1

these proceedings and are also well known to MGT, (2) blames counsel's extended vacation and misunderstandings for his failure to turn over the documents on time, and (3) maintains that all of the documents have now been provided. (Docket No. 79.) Taking the defendant at his word that all materials have now been provided, that the trial is still nearly three weeks away, and considering that most of the materials cited are videos and photographs that do not appear to require a lengthy time to review and digest, there is insufficient prejudice to the plaintiff here to justify an exclusion sanction. Therefore, this motion (Docket No. 59) is **DENIED**.

II. **Motion *in Limine* to Exclude Any Evidence Related to Damages Claimed In Related Lawsuit (Docket No. 60)**

This motion, in which MGT seeks an Order "preventing Defendant from offering evidence of damages claimed in the related lawsuit [*Ashe et al. v. ONEOK, et al.*]" is unopposed (Docket No. 60 at 1, Docket No. 80), and, therefore, is **GRANTED**.

III. **Motion *in Limine* to Exclude Reference to Alternative Pipeline Routes (Docket No. 62)**

MGT moves for an Order "preventing Defendants from referring in any way to alternative pipeline routes that may have been considered or discussed by MGT or the landowner." (Docket No. 63 at 1.) In response, the defendant states that he does not intend to make "route changes an issue," but he states that, if he is asked a broad enough question at trial, he might allude to the concept of "route changes." (Docket No. 81.) As there does not appear to be a genuine dispute here on the admissibility of "route change" information, this motion (Docket No. 62) is **DENIED AS MOOT**. However, if the defendant is of the opinion that plaintiff's counsel's questions at trial have "opened the door" for such testimony, a bench conference should be sought before the defendant testifies on this subject.

**IV.     Motion *in Limine* to Exclude Reference to Columbia Gulf Transmission Company Accident and Fire, Other Accidents or Fear of Accidents (Docket No. 64)**

Citing Federal Rules of Evidence 401, 402, and 403, MGT moves for an Order that prevents "Defendants from referring in any way to an accident and fire at a natural gas compressor station owned and operated by Columbia Gulf Transmission Company that occurred on February 6, 2008."[1]  (Docket No. 64 at 1.)  MGT also seeks to exclude, on the same grounds, reference to "any other natural gas accidents or fear of other accidents." (*Id.*)  That is, the sole issue for the jury here is "just compensation" for the taking, and "speculation" by defense witnesses about "fear" is "not probative" of the just compensation issue. (Docket No. 65 at 4-5 citing *S.E. Supply Header v. 47.75 Acres of Land*, 2008 WL 553019 (S.D. Miss. Feb. 27, 2008)).

In response, the defendant states that he has "no plans to refer" to the February 5, 2008 accident. (Docket No. 82 at 1.)  Therefore, this aspect of the plaintiff's motion is **DENIED AS MOOT**.  However, the defendant points out that both his valuation expert and the plaintiff's valuation expert, in their deposition testimony, recognized that "proximity" to or "fear" of a gas pipeline may have an adverse effect on how people view the property's value. (Docket No. 82 at 1-2.)  Additionally, the case cited by the plaintiff recognized that "market perception of danger,"

---

[1] It is well known but worth noting that "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. "Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Despite the fact that evidence is relevant, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

when supported by credible evidence, is a valid consideration when assessing "just compensation" in this type of case. *S.E. Supply*, 2008 WL 553019 at *3.

The defendant will, therefore, be permitted to offer credible evidence (including through his expert) that, in light of the risk and fear of accidents, "proximity of a gas pipeline [a]ffects the marketability and value of the remainder property." (Docket No. 82 at 2.) This aspect of the plaintiff's motion (Docket No. 64) is, therefore, **DENIED**.

V. **Motion *in Limine* to Exclude Expert Testimony Regarding Tree Value or Property Restoration Costs (Docket No. 66)**

Through this motion, MGT seeks an Order "preventing Defendant from offering any expert witness testimony regarding claimed tree damage or property restoration costs," because the defendant never disclosed any expert witnesses on these topics. (Docket No. 66 at 1 citing Fed. R. Civ. P 26(a)(2) and Fed. R. Civ. P. 37). In response, the defendant states that he "has no plans to introduce any expert testimony regarding 'tr[e]e damages" or "any proof relative to 'restoration costs' in [his] case in chief." (Docket No. 83 at 1.) The defendant suggests that the only circumstance under which "the restoration testimony/reports would be offered" would be to attack the plaintiff's valuation expert's credibility, if that expert (Phillip Russ) offered testimony indicating that restoration work has been completed, when, in fact, it has not been. (*Id.*) There appears to be no actual dispute here, and, therefore, the plaintiff's motion (Docket No. 66) is **DENIED AS MOOT.**

VI. **Motion *in Limine* to Exclude Expert Testimony of Terry Evans (Docket No. 68)**

In this motion, citing Fed. R. Evid. 403, MGT argues that the testimony of the defendant's valuation expert, Terry Evans, should be excluded. (Docket No. 68 at 1.) The plaintiff notes that Evans has submitted two expert reports. (Docket No. 69 at 2.) In the first

4

report, dated September 29, 2008, Evans itemized a series of "costs to cure" as damages incurred on the property. (*Id.* at 3.) These "costs to cure" included trash, waste and tree removal and fixing damaged property. (Docket No. 69 Ex. 1 at 34-35.) According to the plaintiff, some of these "costs to cure . . . are specifically excluded from this lawsuit because they are included in the *Ashe v. ONEOK* lawsuit," noted above. (Docket No. 69 at 3.)

In his second report, dated August 25, 2010, Evans deleted the itemized "costs to cure." (*Id.*) However, in his deposition, Evans apparently conceded that he "bundled up" all of the "cost to cure items" under a single broad heading ("Damage to Remainder") and now cannot determine what aspects of this "bundle" is attributable to damages recoverable in *ONEOK*, as opposed to this case.[2] (*Id.*) Therefore, the plaintiff argues, Evans "has included in his opinion of just compensation . . . damages that are specifically excluded from this lawsuit." (*Id.*) Allowing Evans to rely on this second appraisal and its bundling, the plaintiff argues, will confuse the jury as to what damages are recoverable in this case and inflate the "just compensation" award. (*Id.* at 4.)

In response, the defendant argues that it would border on "absurd" to exclude Evans's testimony (which includes both lay and expert elements) in its entirety due to this issue, and the defendant suggests that Evans's testimony should perhaps be adjusted but not excluded. (Docket No. 84 at 1-2.) Contemporaneously, the defendant filed Evans's Expert Witness Statement, which limits the "damages to remainder" to three areas, which are, (1) stigma from the presence of the pipeline, (2) the barren, forbidding appearance of the easement area, and (3) the inhibiting

---

[2]While the plaintiff cites Evans's deposition testimony and attaches some deposition testimony, it does not appear to the court that the testimony filed is the testimony cited. (Docket No. 69 Ex. 3 at 1-2.)

5

affect of the pipeline on further development of the property. (Docket No. 73 Ex. 1.) Evans concludes that, considering these issues, "the value of the remainder has been diminished 25%." (*Id.* at 4.)

In short, it does not appear that any "costs to cure" are in the Expert Witness Statement that Evans will present at trial. In light of this, while the plaintiff is certainly free to challenge Evans's damage assessments on cross-examination, there appears to be no basis to exclude his testimony under Rule 403. Therefore, the plaintiff's motion (Docket No. 68) is **DENIED**.

**VII. Motion *in limine* to Preclude Phillip Russ from Opining Relative to Defendant's Damages (Docket No. 70)**

Finally, and without any identified legal basis, the defendant moves for an Order "precluding MGT from introducing any opinion testimony from [valuation expert] Phillip Russ as a result of his own revealed inability to formulate an opinion based upon the actual facts of this case." (Docket No. 70 at 1.) The defendant notes that, in Russ's October 3, 2008 appraisal, he conditioned his damage assessment on the "return of the property to a condition at least as good as its condition prior" to MGT's acquisition of the easement/arrival on the property. (*Id.*) However, the defendant argues, this assumption is not supported by the evidence, including estimates for restoration work filed by the defendant, which reveal considerable restoration work remains outstanding. (*Id.* at 2.) Moreover, the defendant points out, Russ conceded in his deposition that his damage assessment "would not be valid" until the restoration work he had assumed had been done was actually done. (*Id.* at 5.)

In response, MGT correctly argues that the defendant's motion "is nothing more than an argument appropriately made to the jury if Defendant establishes this fact with admissible

6

evidence."[3] (Docket No. 75 at 4.) That is, if the defendant has admissible evidence showing that Russ's valuation and assumptions are incorrect, he may cross-examine and challenge him with that evidence, but, where the defendant has conceded to Russ's qualifications as a valuation expert, there is no basis for excluding his testimony here. Therefore, the defendant's motion (Docket No. 70) is **DENIED.**

It is so ordered.

Enter this 28th day of April 2011.

ALETA A. TRAUGER
United States District Judge

---

[3]MGT also argues that the restoration estimates are hearsay and reminds the court that the defendant has not disclosed any expert "on the issue of restoration damages." (Docket No. 75 at 2-3.) If the defendant attempts to admit the restoration estimates at trial, the court will consider the foundation and hearsay issues at that time. It does not appear, however, that these estimates would be required in order to challenge Russ on the basic issue of whether he is suitably informed of the status of restoration work on the property.